**No. 79SA445**

**The People of the State of Colorado v. Leslie A. Gifford**

(610 P.2d 485)

Decided February 19, 1980.

Robert B. Kane, disciplinary prosecutor.

Leslie A. Gifford, Pro se.

*En Banc.*

JUSTICE GROVES delivered the opinion of the Court.

Charges were lodged with the Colorado Supreme Court Grievance Committee against the respondent, Leslie A. Gifford, who was admitted to practice of law in Colorado on September 20, 1948. In January 1976, having moved to Arizona, he applied for admission to the Arizona State Bar, and later was admitted there.

After a hearing, at which the respondent elected not to appear, the Grievance Committee entered its findings, conclusions and recommendation. The recommendation was that the respondent be suspended from the practice of law in Colorado for a period of three years, that upon any

application for reinstatement he be required to demonstrate that he possesses the moral and professional qualifications for admission to the Colorado Bar, that he be required to comply with provisions of C.R.C.P. 255 regarding notification of his suspension, and that he be assessed the costs of these proceedings in the amount of $41.86. We approve the findings, conclusions and recommendation.

The following recitation of facts has been taken from the findings.

■ On June 28, 1978 grievance proceedings were commenced against the respondent by the State Bar of Arizona. Later, the appropriate Arizona Bar Committee found that the respondent had made a false statement when he applied to the Arizona State Bar by answering in the negative an inquiry as to whether he had ever been "questioned regarding the violation of any law." As a result the respondent submitted his resignation to the Arizona Supreme Court in lieu of disbarment. That court accepted the resignation on January 9, 1979.

The first formal charge was filed before the Colorado Grievance Committee on September 18, 1978. This set forth the conviction of the respondent on April 22, 1977 in the United States District Court for the District of Colorado of the misdemeanor offense of failing to file a federal income tax return for the year 1973.

On December 16, 1974 the respondent had been questioned by a special agent of the Internal Revenue Service concerning this matter. He then represented to the agent that he had filed returns for 1971, 1972 and 1973, which representations later proved to be false.

On January 15, 1979 a second charge was filed here, alleging that he had falsified his application to the Arizona State Bar.

Following the amendment of the Colorado complaint on January 15, 1979 and service thereof upon the respondent, on January 30, 1979 the respondent transmitted his "Voluntary Surrender of License" pursuant to C.R.C.P. 254. In the transmittal letter, the respondent stated, as he had heretofore written to the Grievance Committee, that he had "no intention of returning to Colorado to answer the charges that you have filed against me."

The conclusions of the Committee were that the respondent had been convicted of a crime which warranted discipline pursuant to C.R.C.P. 258 and that he had knowingly made false statements in his application for admission to the Arizona State Bar in violation of the Colorado Code of Professional Responsibility, DR 1-101(A).

The Committee concluded that the request for voluntary surrender of license should be denied. We approve that conclusion. The tender of resignation will not be accepted.

The Committee further stated that it would have been disposed to recommend a lesser discipline had only the failure to file income tax returns been involved. It felt, however, that by willfully falsifying his application

for admission to the Arizona State Bar, the respondent should be subject to more stringent discipline than otherwise contemplated. It therefore recommended the three-year suspension with the other conditions already stated. We agree with the Committee.

Accordingly, the respondent, Leslie A. Gifford, upon the announcement of this opinion, is suspended from the practice of law in Colorado for a period of three years, and there is hereby imposed against him the conditions and sanctions as recommended by the Committee and set forth above. The costs against the respondent in the amount of $41.86 are awarded against him and are ordered to be paid to the clerk of this court within 90 days.